UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KENNETH WHITAKER,

    Plaintiff,

  v.                                                           Case No. 24-CV-555-SCD

MICHELLE KING,[1]
  *Acting Commissioner of the Social Security Administration,*

    **Defendant.**

## DECISION AND ORDER

Kenneth Whitaker applied for Social Security disability benefits based on various physical and mental impairments, including daily pain in his neck and both shoulders. At the state-agency level, Whitaker was scheduled to attend a consultative examination, but he missed that appointment without explanation. An administrative law judge denied the claim for benefits following a hearing, finding that Whitaker could still work despite his limitations.

Whitaker seeks judicial review of the ALJ's decision, arguing that the ALJ failed to develop the record adequately when she didn't reschedule the consultative exam or consider Whitaker's reason for missing it. However, Whitaker was represented by counsel at the administrative level, and he never requested that the consultative exam be rescheduled, explained why he missed the exam, or suggested that the evidence was insufficient for the ALJ to decide his claim. Because Whitaker has not demonstrated that the ALJ failed to fully

---

[1] Michelle King became the acting commissioner of the Social Security Administration in January 2025. Accordingly, the clerk of court shall substitute King as the named defendant in this action. *See* Fed. R. Civ. P. 25(d).

and fairly develop the record, and because substantial evidence supports the ALJ's decision, I will affirm the denial of disability benefits.

BACKGROUND

Whitaker was born in Missouri in 1970. *See* R. 42, 95, 171.[2] He eventually moved to Milwaukee and attended North Division High School, but he dropped out after his freshman year. *See* R. 43, 328. Whitaker has worked as a forklift driver, a machine operator, a farm worker, and a security guard; however, he's never earned more than $15,000 in a year. *See* R. 44–46, 80–85, 274–325. He most recently worked short-term jobs through a temp service.

In April 2021, Whitaker applied for supplemental security income under Title XVI of the Social Security Act. *See* R. 20, 264–73, 326–56. He alleged that he became disabled on January 1, 2016, due to a neck injury, a shoulder condition, gout, and asthma. Whitaker asserted that he was unable to stand for long periods of time, he couldn't use his hands or his arms, and he could lift maybe five pounds.

Whitaker's disability application was first reviewed by the Wisconsin Disability Determination Bureau, a state agency that makes the initial medical decision for Wisconsin residents who apply for Social Security benefits. After reviewing the available medical records, the state agency denied the application, finding that Whitaker was capable of medium exertional work.[3] *See* R. 122–27. In his request for reconsideration, Whitaker asserted that his neck injury had worsened and that he'd been diagnosed with a back condition. *See* R. 186–88, 368–75. The state agency referred Whitaker for a consultative examination, but he didn't

---

[2] The transcript is filed on the docket at ECF No. 10-1.

[3] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, . . . he or she can also do sedentary and light work." 20 C.F.R. § 416.967(c).

show up for his scheduled appointment. *See* R. 61–68, 134–35. The state agency attempted to contact Whitaker about the missed appointment; however, he didn't answer his phone, and the agency was unable to leave a message. The agency also contacted Whitaker's attorney representative about the missed exam and left a message with the firm's case manager. The physician who reviewed the medical records at the reconsideration level found that there was insufficient evidence in the file to fully evaluate Whitaker's physical impairments. *See* R. 128–41.

After the state-agency denial, Whitaker requested a hearing before an ALJ. *See* R. 198–217. Whitaker's lawyer submitted a pre-hearing brief outlining his theory of the case. *See* R. 398–402. The brief did not mention the missed consultative exam or any issues with the evidence.

Whitaker and his lawyer appeared before the ALJ in June 2023. *See* R. 38–59. Whitaker's lawyer had no objection to the exhibits on file, and he asked the ALJ to hold the record open so he could submit additional medical records. R. 40–41. Whitaker testified that he had daily pain in his neck and both shoulders. R. 48–49. He said he took care of his personal needs the best way he could, but sometimes he was unable to shower because he couldn't move his arm like he used to. R. 49–50. He also said he could cook meals, wash dishes, load the dishwasher, do laundry, clean the house, perform yardwork (if he had to), read, watch TV, use a phone, exercise, and shop. *See* R. 40–51. The ALJ did not ask Whitaker why he missed the consultative exam or inquire into Whitaker's lifting abilities, and Whitaker's attorney did not ask any follow-up questions. *See* R. 40–54. A vocational expert testified that a hypothetical person with Whitaker's vocational profile could work as a

3

machine package sealer, a coffee maker/roaster, and a counter supply worker if he were limited to a restricted range of medium exertional work. *See* R. 55–58.

On September 14, 2023, the ALJ issued a written decision finding that Whitaker was not disabled. *See* R. 17–34. The ALJ considered the disability application under 20 C.F.R. § 416.920(a), which sets forth a five-step process for evaluating SSI claims. *See* R. 20–30. At step one, the ALJ determined that Whitaker had not engaged in substantial gainful activity since the date he filed his application. R. 22. The ALJ determined at step two that Whitaker had four severe impairments: depression, opioid dependence, asthma, and cervical degenerative disc disease with radiculopathy. R. 22–23. At step three, the ALJ determined that Whitaker did not have an impairment, or a combination of impairments, that met or medically equaled the severity of a presumptively disabling impairment listed in the social security regulations, 20 C.F.R. Part 404, Subpart P, Appendix 1 (i.e., "the listings"). R. 23–25.

Prior to step four, the ALJ assessed Whitaker's residual functional capacity—that is, the most he could do despite his physical and mental limitations, *see* 20 C.F.R. § 416.945(a). The ALJ determined that Whitaker had the RFC to perform medium exertional work with certain postural, environmental, and mental health limitations. R. 25. In arriving at that RFC, the ALJ rejected Whitaker's allegations of disabling physical symptoms, finding that Whitaker received limited treatment for his physical impairments during the relevant period, that most of Whitaker's physical exams were relatively normal, and that Whitaker testified he was able to complete most of his activities of daily living, including cooking, washing dishes, personal care, exercising, and shopping. R. 27. The ALJ also considered the available objective medical evidence and medical opinion evidence. *See* R. 25–28.

The ALJ then continued with the sequential evaluation process. At step four, the ALJ determined that Whitaker did not have any past relevant work. R. 28. The ALJ determined at step five that there were jobs that existed in significant numbers in the national economy that Whitaker could still perform. R. 28–29. Based on that step-five finding, the ALJ concluded that Whitaker was not disabled. R. 29–30.

The Social Security Administration's Appeals Council subsequently denied Whitaker's request for review, R. 6–11, making the ALJ's decision a final decision of the Commissioner of the Social Security Administration, *see Loveless v. Colvin*, 810 F.3d 502, 506 (7th Cir. 2016) (citing *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)).

In May 2024, Whitaker filed this action seeking judicial review of the Commissioner's decision denying his claim for disability benefits under the Social Security Act, 42 U.S.C. § 405(g). *See* Compl., ECF No. 1. The matter was reassigned to me after all parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b). *See* ECF Nos. 5, 7, 8. Whitaker filed a brief in support of his disability claim, ECF No. 11; the Commissioner filed a brief in support of the ALJ's decision, ECF No. 20; and Whitaker filed a reply brief, ECF No. 21.

## LEGAL STANDARDS

"Judicial review of Administration decisions under the Social Security Act is governed by 42 U.S.C. § 405(g)." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011) (citing *Jones v. Astrue*, 623 F.3d 1155, 1160 (7th Cir. 2010)). Pursuant to sentence four of § 405(g), federal courts have the power to affirm, modify, or reverse the Commissioner's decision, with or without remanding the matter for a rehearing. A reviewing court will reverse the Commissioner's decision "only if the ALJ based the denial of benefits on incorrect legal standards or less than

substantial evidence." *Martin v. Saul*, 950 F.3d 369, 373 (7th Cir. 2020) (citing *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

"Substantial evidence is not a demanding requirement. It means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Martin*, 950 F.3d at 373 (quoting *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019)). "When reviewing the record, this court may not re-weigh the evidence or substitute its judgment for that of the ALJ." *Skarbek v. Barnhart*, 390 F.3d 500, 503 (7th Cir. 2004) (citing *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003)). Rather, the court must determine whether the ALJ built an "accurate and logical bridge between the evidence and the result to afford the claimant meaningful judicial review of the administrative findings." *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014) (citing *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001)).

## DISCUSSION

Whitaker seeks remand for a rehearing, arguing that the ALJ failed to fully and fairly develop the record. "While a claimant bears the burden of proving disability, the ALJ in a Social Security hearing has a duty to develop a full and fair record." *Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009) (citing *Smith v. Apfel*, 231 F.3d 433, 437 (7th Cir. 2000); *Thompson v. Sullivan*, 933 F.2d 581, 585 (7th Cir. 1991)). This duty, however, is lower when the claimant is represented by counsel. *See Bertaud v. O'Malley*, 88 F.4th 1242, 1245 (7th Cir. 2023) (citing *Skinner v. Astrue*, 478 F.3d 836, 842 (7th Cir. 2007)).

"Further, regardless of whether the claimant is represented by counsel, the reviewing court defers to the ALJ on the question of how much evidence must be gathered." *Bertaud*, 88 F.4th at 1245 (citing *Nelms*, 553 F.3d at 1098). A plaintiff can overcome this deference by

6

demonstrating that the ALJ failed to fulfill a regulatory requirement, *ibid.*, or by showing that there is "a significant omission" in the record, *Nelms*, 553 F.3d at 1098 (quoting *Luna v. Shalala*, 22 F.3d 687, 692 (7th Cir. 1994)). "[A]n omission is significant only if it is prejudicial." *Nelms*, 553 F.3d at 1098 (citing *Nelson v. Apfel*, 131 F.3d 1228, 1235 (7th Cir. 1997)). "Mere conjecture or speculation that additional evidence might have been obtained in the case is insufficient to warrant a remand." *Id.* (quoting *Binion v. Shalala*, 13 F.3d 243, 246 (7th Cir. 1994)). "Instead a claimant must set forth specific, relevant facts—such as medical evidence—that the ALJ did not consider." *Id.* (citing *Nelson*, 131 F.3d at 1235).

Whitaker argues that the ALJ failed to fully and fairly develop the record by failing to order a consultative examination. "A consultative examination is a physical or mental examination or test purchased for [a disability claimant] at [the Social Security Administration's] request and expense from a treating source or another medical source." 20 C.F.R. § 416.919. "The ALJ is not *required* to order such examinations, but may do so if an applicant's medical evidence about a claimed impairment is insufficient." *Skinner*, 478 F.3d at 844 (citing 20 C.F.R. §§ 416.912(f), 416.917). "A consultative examination is normally required if the evidence is ambiguous, if specialized medical evidence is required but missing from the record, or if there is a change in a condition but the current severity of the impairment is not established." *Poyck v. Astrue*, 414 F. App'x 859, 861 (7th Cir. 2011) (citing 20 C.F.R. § 416.919a(b)). "Particularly in counseled cases, the burden is on the claimant to introduce some objective evidence that further development of the record is required." *Id.* (citing *Skinner*, 478 F.3d at 844; *Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997)).

Before Whitaker's disability claim reached the ALJ, the state agency scheduled him for a consultative examination and sent him several reminders about his appointment. *See*

7

R. 62. Whitaker, however, did not show up for the exam. *See* R. 134–35. The state agency reached out to both Whitaker and his lawyer about the missed appointment, but the agency didn't receive any response.

Whitaker insists that the ALJ should have rescheduled the consultative exam or considered whether he had "good cause" for missing it. As support, he cites the Social Security Administration's Hearings, Appeals, and Litigation Law Manual (HALLEX) I-2-5-24, which indicates that the state agency will assess whether the claimant had good cause for not attending a consultative exam requested by an ALJ. In this case, however, the consultative exam was requested by the state agency, not the ALJ, so it appears that provision does not apply.

Moreover, because Whitaker was represented by counsel during administrative proceedings, it was his burden to demonstrate that further development of the record was necessary. The agency contacted Whitaker and his lawyer about the missed appointment and repeatedly reminded Whitaker that he was responsible for submitting evidence to support his disability claim. *See, e.g.*, R. 134–35, 191–216, 220–41, 384–94. However, Whitaker never requested to reschedule the consultative exam or asserted that the record was insufficient to decide his claim. Whitaker's lawyer did not mention the missed exam or any issues with the evidence in his pre-hearing communications with the ALJ. *See* R. 396–402. At the hearing, Whitaker's lawyer asked to hold the record open to submit additional treatment records, but he did not request a consultative exam or point out any evidentiary shortcomings. *See* R. 38–59. And after the hearing, Whitaker's lawyer contacted the ALJ to let her know that the additional records had been submitted, and he asked her to render a decision; again, he did not allege that a consultative exam was needed or that the record was incomplete. *See* R. 406.

Whitaker therefore failed to demonstrate at the administrative level that a consultative exam was required to decide his case.

Remarkably, despite blaming the agency for not considering whether he had good cause for missing the consultative exam, Whitaker has never explained why he skipped the appointment. Not when the state agency called him and his lawyer shortly after the scheduled exam. Not at the administrative hearing. And not now in federal court. Whitaker cannot sit silent for all three periods and then cry "foul" well after the game clock has expired and for a penalty he apparently committed himself. Because Whitaker did not provide any reason why he missed the consultative exam, the ALJ could have denied benefits based solely on his failure to appear. *See* 20 C.F.R. § 416.918. Instead, the ALJ reasonably issued a decision based on the available evidence. *See Anderson v. O'Malley*, No. 2:24-CV-254-KFP, 2024 WL 4713563, 2024 U.S. Dist. LEXIS 202934, at *6–8 (M.D. Ala. Nov. 7, 2024) (finding that an ALJ did not err in failing to order a consultative exam where the plaintiff never requested an exam, never provided an explanation for not attending his scheduled exams, and never suggested that further evidence was needed to decide his disability claim).

Whitaker also has not identified how his claim was prejudiced by the failure to reschedule the consultative exam. According to Whitaker, the fact that a consultative exam had been scheduled suggests that the state agency believed one was necessary. He also correctly points out that the reviewing physician at the reconsideration level found that there was insufficient evidence in the file to fully evaluate Whitaker's physical impairments. *See* R. 136. However, Whitaker fails acknowledge that much of the treatment evidence was added to the record at the hearing level—that is, after he missed the consultative exam and after the

state agency issued its reconsideration decision. *See* R. 589–755. But Whitaker never informed the ALJ that he believed the record was insufficient even with that additional evidence.

Similarly, Whitaker does not explain how a theoretical consultative exam would result in a more restrictive RFC than that assessed by the ALJ. He accuses the ALJ of ignoring the lack of objective evidence to support her decision or to dispute Whitaker's subjective allegations. But it was Whitaker's burden to prove that he was disabled, not the ALJ's duty to prove he wasn't. Moreover, the ALJ reasonably determined that Whitaker was not as limited as he alleged and explained that the assessed RFC was supported by Whitaker's relatively normal physical exams, Whitaker's limited treatment for his physical impairments, Whitaker's reported activities of daily living, and the initial state-agency reviewing physician's findings. *See* R. 25–28. Whitaker's speculation that a consultative exam may have resulted in a more restrictive RFC is insufficient to warrant a remand.

## CONCLUSION

Whitaker has not demonstrated that the ALJ failed to fully and fairly develop the record, and substantial evidence supports the ALJ's decision. Accordingly, for all the foregoing reasons, I **AFFIRM** the Commissioner's decision. The clerk of court shall enter judgment accordingly.

**SO ORDERED** this 14th day of February, 2025.

_____
STEPHEN C. DRIES
United States Magistrate Judge